[This decision has been published in *Ohio Official Reports* at 93 Ohio St.3d 612.]

SHARTLE, APPELLANT, *v*. ALLSTATE INSURANCE COMPANY, APPELLEE.

[Cite as *Shartle v. Allstate Ins. Co.*, 2001-Ohio-1802.]

*Insurance—Motor vehicles—Court of appeals' judgment reversed and cause remanded on authority, if applicable, of Ohayon v. Safeco Ins. Co. of Illinois, Wolfe v. Wolfe, and Csulik v. Nationwide Mut. Ins. Co.*

(No. 99-2027—Submitted October 31, 200— Decided November 28, 2001.)

APPEAL from the Court of Appeals for Summit County, No. 19545.

_____

{¶ 1} The judgment of the court of appeals is reversed, and the cause is remanded on the authority, if applicable, of *Ohayon v. Safeco Ins. Co. of Illinois* (2001), 91 Ohio St.3d 474, 747 N.E.2d 206; *Wolfe v. Wolfe* (2000), 88 Ohio St.3d 246, 725 N.E.2d 261; and *Csulik v. Nationwide Mut. Ins. Co.* (2000), 88 Ohio St.3d 17, 723 N.E.2d 90.

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY and PFEIFER, JJ., concur.

COOK and LUNDBERG STRATTON, JJ., dissent.

_____

**COOK, J., dissenting.**

{¶ 2} The court of appeals determined that Ohio law applies to the insurance policy involved in this case, a disposition consistent with this court's decision in *Ohayon v. Safeco Ins. Co. of Illinois* (2001), 91 Ohio St.3d 474, 747 N.E.2d 206. Nevertheless, the majority *reverses* the judgment of the court of appeals on authority of *Ohayon*, *Wolfe v. Wolfe* (2000), 88 Ohio St.3d 246, 725 N.E.2d 261, and *Csulik v. Nationwide Mut. Ins. Co.* (2000), 88 Ohio St.3d 17, 723 N.E.2d 90. Because the correct disposition of this cause is to *affirm* on authority of *Ohayon*, I respectfully dissent.

**{¶ 3}** The only issue decided by the court of appeals was whether West Virginia law or Ohio law controlled the question of whether Shartle could collect underinsured motorist coverage under his policy with Allstate Insurance Company. The court of appeals held that Ohio law applies and, accordingly, reversed the trial court's determination to the contrary. The court of appeals also remanded the cause, leaving for the trial court to decide, in the first instance, whether Shartle could collect underinsured motorist coverage as a matter of Ohio law.

**{¶ 4}** Rather than simply affirm the correct judgment of the court of appeals, the majority reverses on the purported authority of *Ohayon*, *Wolfe*, and *Csulik*. But this disposition is peculiar because of the inapplicability of *Wolfe* and *Csulik* to the case at bar. There was no issue presented in the court of appeals concerning what *version* of Ohio law was in effect at the time in question. See *Wolfe*, 88 Ohio St.3d 246, 725 N.E.2d 261. Nor has any court determined what *effect* the application of the relevant Ohio law has on Shartle's claim for underinsured coverage. See *Ohayon*, 91 Ohio St.3d at 486, 747 N.E.2d at 216, fn. 1. Finally, this is not a case in which Shartle has contended that a claimed ambiguity in the underinsured motorist policy *language* could render Ohio law inapplicable. Cf. *Ohayon*, 91 Ohio St.3d at 483-484, 747 N.E.2d at 214-215 (distinguishing *Csulik*, 88 Ohio St.3d 17, 723 N.E.2d 90). Instead, the only issue before this court is whether the law of Ohio or West Virginia should determine the parties' rights and duties under the contract of insurance. Because the court of appeals correctly held that Ohio law applies and remanded this cause to the trial court for application of Ohio law, there is no reason for this court to reverse the judgment. Today's reversal speaks cryptically to issues (regarding ambiguity and which version of what statute applies) that no party has suggested exist and that no court below has passed upon.

**{¶ 5}** I would affirm the judgment of the court of appeals on authority of Ohayon.

LUNDBERG STRATTON, J., concurs in the foregoing dissenting opinion.

_____

*Elk & Elk Co., L.P.A.,* and *Todd O. Rosenberg*, for appellant.

_____